UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**DUSTIN KAMPERT,**
**Individually and on behalf**
**of all others similarly situated,**

      **Plaintiff,**

                                     **CASE NO.**

**v.**

                                     **JURY TRIAL DEMANDED**

**RAYMOND JAMES FINANCIAL, INC.,**

      **Defendant.**

## CLASS ACTION ALLEGATION COMPLAINT

Comes now the Plaintiff Dustin Kampert, individually and on behalf of all other similarly situated individuals and by Counsel, and files this Class Action Complaint alleging the following claims against Defendant Raymond James Financial, Inc. ("Raymond"):

### NATURE OF THE CASE

1.    Plaintiff brings this action against Defendant for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3).

2.    Defendant Raymond operates a national and international financial-services business aimed at consumers, and maintains offices within and outside the United States. Raymond uses consumers such as Kampert, as financial advisers or registered representatives to buy and sell Raymond James' securities to other consumers.

3.    Raymond causes consumer reports—also known as background reports, criminal histories, or background screens—generated by non-party LexisNexis Risk Management, Inc. to be procured and used for employment purposes. Because employment decisions are based in

whole or in part on the contents of the consumer-background reports, Raymond is obliged to adhere to certain strictures of the FCRA.

4.    LexisNexis operates a national database of public records, address histories, and related employment histories as a nationwide consumer reporting agency ("CRA"). LexisNexis maintains an FCRA database to prepare and furnish consumer reports for employment and other purposes. LexisNexis provided these consumer reports to Raymond under the name "Smartlinx® Person Report" for employment purposes, regarding members of the putative Classes. LexisNexis knew, or should have known, that Raymond and others use LexisNexis' Person Reports for employment purposes.

5.    Ultimately, the information in LexisNexis' Person Report was used against Plaintiff and other individuals for an employment purpose, namely for reassignment or retention as an employee.

6.    When using criminal-background reports for employment purposes, "users" like Raymond must, before taking adverse action based in whole or in part on the contents of the report, provide consumers like Plaintiff with a copy of their respective reports as well as a written summary of their rights under the FCRA.

7.    Providing a copy of the criminal-background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

8.    Defendant is informed of the necessary rigors FCRA compliance imposes, as the

facts alleged in this case have been the subject of extensive litigation against employers like Raymond in other cases. Raymond also has significant resources at its disposal that allows it to learn of and keep track of such decisions.

9.      Plaintiff Kampert brings nationwide, class claims against Raymond under 15 U.S.C. § 1681b(b)(3), because it failed to provide Plaintiff and other class members with a copy of their criminal-background report and a summary of FCRA rights before taking an adverse employment action against them.

PARTIES

10.     Plaintiff Dustin Kampert is a "consumer" as defined by 15 U.S.C. § 1681a.

11.     At the time of the allegations in this Mr. Kampert lived in Bend, Oregon, which is within the territorial confines of the District of Oregon, Eugene Division.

12.     Defendant Raymond is for-profit corporation conducting business and hiring employees in the District of Oregon and in the United States. Raymond is also a "person" using "consumer reports" for "employment purposes" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

14.     Venue is proper in the District of Oregon because Defendant is subject to personal jurisdiction in this District, maintains a place of business in this District, and makes employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c). Further, Plaintiff is a resident of this District and Division.

**GENERAL FACTUAL ALLEGATIONS**

15.    During the class period, LexisNexis furnished an employment-purposed consumer report concerning Plaintiff for employment purposes to Raymond, for its use in evaluating Plaintiff for possible employment opportunities. LexisNexis furnished similar such reports to Raymond and other employers for the same purposes during the class period.

16.    Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies ("CRAs"), including public record information. Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by prospective employers and other individuals.

17.    The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment." 15 U.S.C. § 1681a(d)(1). The factors in this definition are commonly called "seven characteristics" information.

18.    LexisNexis' Smartlinx Person Reports contain a trove of information about consumers that fall within several of the seven characteristics categories. Plaintiff's report, for example, contains his current and multiple prior addresses, including the length of time he lived at each; his height, weight, hair, and eye color; his full date of birth and Social Security Number; his education level; his supposed criminal history; and his employment history. Raymond ordered this report from LexisNexis for use in evaluating applicants for employment

opportunities.

19.    The FCRA mandates that a report user, before taking any adverse action based in whole or in part on a consumer report, must provide to the consumer a copy of the applicant's report and a summary of the applicant's rights under the FCRA.

20.    Although Raymond deems an applicant ineligible for employment opportunities based in whole or in part on LexisNexis' consumer reports, it does not notify the applicant of that fact until after the decision has been finalized.

21.    Neither Raymond nor LexisNexis provides pre-adverse action notice to job applicants, together with a copy of the applicant's consumer report and a description of the applicant's rights as required by 15 U.S.C. § 1681b(b)(3).

22.    There have been multiple lawsuits against report users to enforce the requirements of Section 1681b(b)(3), and Defendant Raymond has access to both the information and documents relating to those lawsuits and their outcomes as well as legal advice to interpret those outcomes and their potential impact on Raymond's hiring process.

23.    Raymond's violations of the FCRA have been willful, wanton, and reckless in that it knew, or should have known, that it was failing to comply with the requirements of the FCRA.

24.    Raymond's willful disregard of its duties violates the FCRA as a matter of law, and it exacts serious consequences on job applicants and interstate commerce. The natural result of Raymond's failures to abide by the conditions, procedures and limitations of the FCRA prejudices consumers' ability to challenge information contained in consumer reports provided to Raymond.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

25.     In 2015, Mr. Kampert worked at Hake Investment Group, LLC. In July of 2015, as part of his job he was required to apply to register to sell financial services products using a Series VII stockbroker's license sponsored by Raymond.

26.     In his application materials provided by Raymond, Defendant presented a document to Plaintiff that stated and acknowledged that Defendant and the report to be used would be used for an employment purpose. In fact, this disclosure and authorization form was designed to comply with 15 U.S.C. § 1681b(b)(2), which otherwise only governs consumer reports used for an employment purpose.

27.     Plaintiff signed a document purporting to authorize Raymond to obtain a consumer background report about him for employment purposes.

28.     As part of this application process, Raymond obtained from LexisNexis a Smartlinx Person Report to use in evaluating Plaintiff. LexisNexis completed that report and provided it to Raymond on approximately July 8, 2015.

29.     The LexisNexis report contained criminal history public records from Virginia that was expunged from Plaintiff's record in October 2008, and therefore should not have been reported. (Expungements in Virginia are not available where the charged defendant is actually convicted of the subject charge.)

30.     Despite providing Raymond with a report that contained public-record information likely to have an adverse effect on Plaintiff's ability to obtain employment, LexisNexis did not notify Plaintiff at the time it did so. And because it reported information that was expunged from Plaintiff's record, LexisNexis failed to employ strict procedures designed to ensure the information it reported about Plaintiff was complete and up-to-date.

31.     Based on the improperly reported information in LexisNexis' report, Raymond denied Plaintiff a Series VII license sponsorship and an employment opportunity to sell financial products through Raymond and ultimately costing him his employment with Hake Investment Group, LLC.

32.     As a result of the Raymond's use of the LexisNexis report, Plaintiff was terminated from his employment.

33.     At no time before taking its adverse action against Plaintiff did Raymond provide him with a copy of the report and a written summary of his FCRA rights.

34.     The report Raymond obtained from LexisNexis was a garden-variety consumer report to be used for employment purposes. It was not obtained in connection with any investigation of suspected misconduct by Plaintiff nor compliance with Federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting policies of the employer. The exclusion from the FCRA for reports described in 15 U.S.C. § 1681a(y) therefore does not apply to Kampert's report or the reports of Class members.

**DEFENDANT ACTED WILLFULLY**

35.     Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

36.     Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA.

37.     Defendant understood and was aware that the reports it obtained regarding the Plaintiff and other class members were consumer reports being used for an employment purpose.

38.     Before a person takes an adverse employment action, it must provide two

documents to the prospective employee. *See* Letter from Clark W. Brinckerhoff to Erick J. Weisberg (June 27, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter II") (noting that taking action a period of five business days after notice "appears reasonable."); *Williams v. Telespectrum, Inc.,* Civil Action No. 3:05cv853 (E.D. Va. 2006), Report and Recommendation of Magistrate Judge Hannah Lauck dated November 7, 2006, adopted by Judge R. Payne January 8, 2005 (holding that a user of a consumer report must provide to the consumer a copy of the report and disclosure of rights a sufficient amount of time before it takes adverse action so that the consumer can rectify any inaccuracies in the report, and simultaneous provision of the report does not satisfy this requirement); *Kelchner v. Sycamore Manor Health Center,* 305 F. Supp. 2d 429, 435 (M.D. Pa. 2004) (holding a reasonable period for the employee to respond to disputed information is not required to exceed five business days following the consumers receipt of the consumer's report from the employer); *Beverly v. Wal-Mart Stores, Inc.*, Civil Action No. 3:07cv469 (E.D. Va. 2009) (Consent Order providing ChoicePoint mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Pre-adverse Action Notices).

39.     To ensure knowing compliance with the FCRA, Congress requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained a certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S.C. § 1681b(b)(1)(A).

40.     Upon information and belief, Defendant knowingly executed a certification providing that it would comply with the various provisions of the FCRA whenever adverse action was contemplated or taken based in whole or in part on information contained in a

consumer report.

41.     Despite its certification, Defendant knowingly violated 15 U.S.C. § 1681b(b)(3).

42.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiffs and other members of the class of their rights under the FCRA.

## CLASS ACTION ALLEGATIONS

### PLAINTIFF'S PROPOSED CLASSES

43.     Plaintiff brings this action on a class basis, with the initial class definitions that follow.

44.     Mr. Kampert brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class of which he is a member, initially defined below:

> All natural persons who were denied approval by Raymond James to sell its products or services through an employer in part or in whole because of a Smartlinx Person Report used by Raymond on or after January 6, 2012 and through the pendency of this action.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, any judge assigned to hear this action and his or her immediate family or staff.

45.     Upon information and belief, the putative Classes exceed 100 members each. Information concerning the exact size of the putative Class is within the exclusive possession of Defendant or its agents.

46.     The Class members are so numerous that joinder of all members is impracticable.

47.     Plaintiff's claims are typical of the claims of the other Class members as all Class members were similarly affected by Defendants' unlawful conduct in violation of the FCRA.

48.    Plaintiff will fairly and adequately protect the interest of the Class Members and has retained counsel competent and experienced in complex litigation. Plaintiff is a member of the Classes and does not have any interests antagonistic to or in conflict with the members of the Classes. Plaintiff's claims are the same as those of the Classes, which all arise from the same operative facts and are based upon the same legal theories.

49.    Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members, including:

a.  Whether the uniform failure to provide timely a copy of employment purposed consumer reports containing a negative public record violated the FCRA;

b.  Whether the timing of Raymond's notice to consumers that employment opportunities may be declined or terminated based in whole or in part on information contained in a consumer report satisfies the timing requirements at 15 U.S.C. § 1681b(b)(3);

c.  Whether LexisNexis' Smartlinx Person Reports used for employment purposes are "consumer reports" under the FCRA;

d.  Whether Defendants' violations of the FCRA were "willful."

50.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Classes is so numerous and involves claims that, taken individually, would not justify the costs and effort of bringing suit.

51.    Further, the prosecution of several actions by individual members of the Classes would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Classes. Additionally, individual actions by members of the Classes may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those

individuals to protect their interests.

## COUNT ONE – CLASS CLAIM AGAINST RAYMOND

### Failure to Provide Pre-Adverse Action Notice – Copy of Report

### 15 U.S.C. § 1681b(b)(3)(A)

52.     Plaintiff realleges and incorporate by reference all preceding allegations of law and fact.

53.     Raymond willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Plaintiff Kampert and the Class Members before taking adverse action that was based in whole or in part on that report.

54.     Raymond willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the Summary of Rights required by the FCRA to the Plaintiff and the Class Members before taking adverse action that was based in whole or in part on a consumer report.

55.     As a result of this willful FCRA violation, Defendant is liable to Plaintiff and to each Class Member for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to § 1681n and § 1681o.

56.     Plaintiff and the Class Members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

57.     Plaintiff and the Class Members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2) and equitable and/or injunctive relief.

58.     Plaintiff's counsel seeks attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(b) and 15 U.S.C. §§ 1681o and 1681n.

## COUNT TWO – CLASS CLAIM AGAINST RAYMOND

### Impermissible Use of Consumer Report

### 15 U.S.C. § 1681b(f)

56.     Plaintiff realleges and incorporate by reference all preceding allegations of law and fact.

57.     In the alternative to Count One, and if the Court finds that Defendant did not use Plaintiff and Class member reports for an employment purposes, then Plaintiff alleges that the use of those reports was without any alternate purpose permitted under 15 U.S.C. § 1681b.

58.     In the alternative to Count One, Raymond willfully violated 15 U.S.C. § 1681b(f) by obtaining and using the consumer reports without a lawful purpose.

59.     As a result of this willful FCRA violation, Defendant is liable to Plaintiff and to each Class Member for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to § 1681n and § 1681o.

60.     Plaintiff and the Class Members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

61.     Plaintiff and the Class Members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2) and equitable and/or injunctive relief.

Plaintiff's counsel seeks attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(b) and 15 U.S.C. §§ 1681o and 1681n.

**WHEREFORE**, Plaintiff and the putative Classes respectfully pray for the following relief:

A.    An order certifying the proposed classes herein pursuant to FED. R. CIV. P. 23 and appointing the Plaintiff and undersigned Counsel to represent them;

B.    The creation of a common fund available to provide notice of and remedy Defendant's unlawful conduct;

C.    That judgment be entered for Plaintiff and the Classes statutory damages and punitive damages against Raymond for violation of 15 U.S.C. § 1681b(b)(3) or §1681b(f), pursuant to 15 U.S.C. §§ 1681n and 1681o;

D.    Equitable and/or injunctive relief;

E.    Attorneys' fees, expenses, and costs; and

F.    Pre-judgment and post-judgment interest as provided by law.

**TRIAL BY JURY IS DEMANDED**

DATED: June 30, 2017.

Respectfully submitted,

**DUSTIN KAMPERT,** *individually and on behalf of and all others similarly situated*

/s/ Justin M. Baxter
_____
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

Leonard A. Bennett, VSB No. 37523
*(Subject to admission pro hac vice)*
Elizabeth W. Hanes, VSB No. 75574
*(Subject to admission pro hac vice)*
Craig C. Marchiando VSB No. 89736
*(Subject to admission pro hac vice)*

**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: Elizabeth@clalegal.com
Email: craig@clalegal.com

Scott A. Surovell, VSB# 40278
*(Subject to admission pro hac vice)*
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Phone: 703-251-5400
Fax: 703-591-9285
Email: ssurovell@siplfirm.com

Kristi Cahoon Kelly, VSB #72791
*(Subject to admission pro hac vice)*
Andrew J. Guzzo, VSB #82170
*(Subject to admission pro hac vice)*
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

***Attorneys for the Plaintiffs***